Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. GEORGE T. BIGELOW,
Hon. PLINY MERRICK,  } JUSTICES.

---

### SARAH E. WELLS *vs.* COMMONWEALTH.

An indictment for keeping a house of ill fame on a day certain, and on divers other days not alleged with sufficient certainty, will support a verdict and judgment.

An indictment which charges the keeping of a house of ill fame on a certain day, and on divers other days and times between that day and a certain subsequent day, at Boston, sufficiently alleges the place of keeping it on the day first named.

An indictment on *St.* 1855, *c.* 405, § 1, which alleges that the defendant kept and maintained a building used as a house of ill fame to the common nuisance of all good citizens, need not expressly allege that the defendant kept a common nuisance.

WRIT OF ERROR to reverse a judgment rendered by the municipal court of Boston upon a plea of *nolo contendere* to an indictment which alleged " that Sarah E. Wells of Boston, in the county of Suffolk and Commonwealth aforesaid, spinster, on the first day of December in the year eighteen hundred and fifty-seven, and on divers other days and times between said first

day of December and the first day of June eighteen hundred and fifty eight, at said Boston, did knowingly keep and maintain a certain building, then and on said other days and times there by her kept and used as a house of ill fame, and then and on said other days and times there resorted to for the purpose of prostitution and lewdness, and that the said Sarah E. Wells in said house, for her own lucre and gain, certain persons whose persons and names to said jurors as yet are not known, as well men as women, of evil name and fame and of dishonest conversation, to frequent and come together did then on said other days and times there unlawfully and wilfully cause, permit and procure, and the said men and women in said house, as well in the night as in the day, then and on said other days and times there did suffer and permit to be and to remain whoring; to the common nuisance of all good citizens then and on said other days and times there residing, passing and being, and in evil example to all others in like case offending, against the law, peace and dignity of said Commonwealth, and contrary to the form of the statute in such case made and provided." The errors assigned are stated in the opinion.

*F. F. Heard,* for the plaintiff in error.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

METCALF, J. 1. Every indictment, doubtless, must precisely show a certain day and year when the alleged offence was committed. And when, as in the present case, the alleged offence may have continuance, the time may be laid with a *continuando ;* that is, it may be alleged to have been on a single day certain and also on divers other days. But those other days must be alleged with the same legal exactness which is required in alleging a single day. Such exactness is obtained by alleging that the offence was committed on a day certain and on divers other days between two days certain. If the other days are not alleged with the same certainty as the first day is, the indictment is insufficient, unless the allegation of the other days can be wholly disregarded, and rejected as surplusage. In the case now before us, the indictment charges the plaintiff in error with keeping and maintaining a building as a house of ill fame.

" on the first day of December in the year eighteen hundred and fifty seven, and on divers other days and times between said first day of December and the first day of June eighteen hundred and fifty eight," (not in the year eighteen hundred and fifty eight,) " to the common nuisance of all good citizens," &c. The omission of the words " in the year," or the letters " A. D.," was held, in *Commonwealth* v. *McLoon*, 5 Gray, 91, to render the allegation of a single day defective; and the same must be held, in this case, as to the allegation of divers other days. Will, then, the indictment in this case support the judgment in question? It is an indictment for a nuisance, which is an offence that may have continuance, and may therefore be laid with a *continuando*. And the general rule is well established, that when an offence, which may have continuance, is alleged to have been committed on a day certain and on divers other days which are uncertainly alleged, the indictment is effectual for the act alleged on the day certain, and void only as to the act alleged on the other days. 2 Hawk. *c.* 25, § 82. 2 Gabbett Crim. Law, 222, 223. 1 Stark. Crim. Pl. (2d ed.) 56. *People* v. *Adams*, 17 Wend. 476. *United States* v. *La Coste*, 2 Mason, 140. *State* v. *Jasper*, 4 Dev. 327. The law has been so understood and administered ever since the decision in *The King* v. *Dixon & wife*, 10 Mod. 335. In that case the defendants were indicted for keeping a common gaming-house on a day certain, " and on divers other days, as well before as after;" without any specification of those days. On demurrer to the indictment, it was held that though the time was uncertain as to all but one day, yet that the king should have judgment for the offence of keeping the house on that day. The demurrer, in that case, admitted just what the plea of *nolo contendere* admitted in this case, namely, all that was well alleged in the indictment. In that indictment and in this, the keeping of a bad house on a day certain was well alleged, but the keeping of it on other days was defectively alleged. In both, the act admitted to have been done on a single day was a full and complete statute offence. There was no necessity, though it was not improper, to allege the offence with a *continuando ;* and it

having been defectively so alleged, such allegation was surplusage. And if, in this case, the plaintiff in error had been found guilty by a verdict, and had moved in arrest of judgment, the motion would have been overruled. 4 Dev. and 2 Mason, above cited.

In the case of *Commonwealth* v. *Adams*, 4 Gray, 27, judgment was arrested where the defendant had been found guilty by a jury, on an indictment charging him with being a common seller of intoxicating liquors on a day certain and on divers other days uncertainly alleged. But that case is readily distinguishable from this. Under the various statutes of Massachusetts, which have imposed a penalty on a common seller of intoxicating liquors, it has always been held necessary to his conviction, that he should have made at least three sales. In the statute on which the indictment in that case was found, (*St.* 1852, *c.* 322, § 12,) it was declared that three several sales should be sufficient to render a party liable to the penalty therein prescribed for being a common seller. And it has been decided, both under that statute and under the Rev. Sts. *c.* 47, § 1, that evidence of three sales on a single day is sufficient to convict a party of being such seller. *Commonwealth* v. *Rumrill*, 1 Gray, 388. *Commonwealth* v. *Perley*, 2 Cush. 559. If, therefore, the indictment, in *Commonwealth* v. *Adams*, had alleged that the defendant was a common seller on a single day only, judgment would not have been arrested; for the court must have presumed that at least three sales on that day were proved at the trial. But inasmuch as the offence of being a common seller is what is sometimes termed a cumulative offence, that is, an offence which can be committed only by a repetition of acts of the same kind, which acts may be on different days, it is manifest that, on the indictment, as it was drawn in that case, the verdict did not show that the defendant was found guilty of being a common seller on the day that was sufficiently alleged, but might have been found guilty on proof of sales, some or all of which were made on a day or days insufficiently alleged.

2. The second assignment of errors, that no place where the offence was committed was sufficiently alleged in the indict-

ment, was not insisted on in argument; and we see no defect in that particular. The indictment conforms to the precedents. Crown Circ. Comp. (7th ed.) 523. Archb. Crim. Pl. (10th ed.) 636.

3. It is objected, under the general assignment of errors, that it is not alleged in the indictment that the plaintiff in error kept and maintained a common nuisance. The *St.* of 1855, *c.* 405, on which this indictment is framed, in § 1 declares a building used as a house of ill fame to be a common nuisance which is to be regarded and treated as such, and in § 2 prescribes the punishment for keeping or maintaining such common nuisance. The indictment alleges that the plaintiff in error kept and maintained a building used as a house of ill fame, "to the common nuisance of all good citizens," &c. It therefore sufficiently sets forth, without expressly averring, that she kept and maintained a common nuisance. It is a conclusion of law therefrom that she kept and maintained a common nuisance; and such conclusion need not be averred in an indictment. 2 Gabbett Crim. Law, 199, 229. *The King* v. *Smith*, 2 Bos. & Pul. 127, 1 East P. C. 183, and Russ. & Ry. 5. *The King* v. *Michael*, 2 Leach, (4th ed.) 938, and Russ. & Ry. 29. *Melton* v. *State*, 3 Humph. 389. The insertion, in this indictment, of the words "to the common nuisance," &c. distinguishes the case from that of *Commonwealth* v. *Davis*, 11 Gray, 48. *Judgment affirmed.*